IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **KENNETH DALE TEAGUE, JR.** § | | **PLAINTIFF** |
| § | | |
| **v.** § | | **Civil No. 1:22-cv-184-HSO-BWR** |
| § | | |
| **VAN ARNOLD,** *Deputy* § | | **DEFENDANT** |

### ORDER ADOPTING MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATIONS [33] AND DISMISSING CASE WITH PREJUDICE

BEFORE THE COURT is the Report and Recommendations [33] of United States Magistrate Judge Bradley W. Rath, entered in this case on June 16, 2023, and Defendant Van Arnold's Motion [25] for Summary Judgment, filed on March 22, 2023. The Magistrate Judge recommends that the Motion [25] for Summary Judgment be granted and that Plaintiff Kenneth Dale Teague, Jr.'s claims be dismissed with prejudice. R. & R. [33] at 17. No party has objected to the Report and Recommendations [33]. After review of the Report and Recommendations [33], the record, and relevant legal authority, the Court finds that the Report and Recommendations [33] should be adopted, that the Motion [25] for Summary Judgment should be granted, and that this civil case should be dismissed with prejudice.

### I. BACKGROUND

On July 18, 2022, Plaintiff Kenneth Dale Teague, Jr. ("Plaintiff" or "Teague") filed a pro se Complaint [1] against Defendant Van Arnold ("Defendant" or "Arnold"), alleging constitutional violations pursuant to 42 U.S.C. § 1983. Compl. [1]

at 1-2. Plaintiff is proceeding in forma pauperis. *See* Order [7]. Plaintiff's claims arise out of his pretrial detention at Jackson County Adult Detention Center ("JCADC") in Pascagoula, Mississippi, and his involvement in a physical altercation with Defendant at JCADC on June 14, 2022. Compl. [1] at 2-5.

Specifically, Plaintiff alleges that on that date, he was "pulled out of a holding cell by Van Arnold . . . while being choked." *Id.* at 5. He continues that Defendant "started throwing [Plaintiff's] body and head back and forth into brick walls causing 2 contusions in [his] head," and that Defendant held him down and punched him in the face, thereby "blacking [his] left eye and busting [his] mouth and nose." *Id.* The Complaint [1] alleges that Plaintiff received no medical treatment despite him having suffered numerous injuries, including a laceration to his forehead that left a scar, a blackened left eye, a "busted" nose and mouth, an eye socket injury that he believed to be a fracture, bruising, injury to his ribs, a "deep cut on [his] right arm resulting in [a] staff [sic] infection," and severe headaches and pain in his neck and ribs. *Id.* at 5, 8. Plaintiff clarifies in a separate attached Letter [1-1] that while he did receive bandaging, ibuprofen, and triple antibiotic treatment for his staph infection on July 7, 2022, he did not receive any antibiotic pills, nor additional treatment for his other injuries.

Plaintiff further complains that he did not have access to a shower or hot water in his detention cell between June 14, 2022, and July 7, 2022, and that he did not have air conditioning in his detention cell between June 15, 2022, and July 9, 2022,. *See* Ex. [1-1] at 1-2. He sues "for bodily harm, mentally and physically, police

2

brutality, strangulation, and $400,000," in addition to a "drop" to his criminal charges to the misdemeanor level, and for Defendant to pay for his medical expenses upon release. Compl. [1] at 5.

On March 22, 2023, Defendant filed a Motion [25] for Summary Judgment and proffered the following evidence: (1) Plaintiff's booking sheet, Ex. [25-1]; (2) Plaintiff's medical admissions and screening records, Ex. [25-2]; (3) an affidavit from Defendant, Ex. [25-3]; (4) Use of Force and Jail Incident Reports, Ex. [25-4] and Ex. [25-5]; and (5) conventionally filed video footage of the June 14, 2022, physical altercation, Not. [28] of Conventional Filing of Ex. D. Defendant argues that Plaintiff was not subjected to excessive force during their physical altercation, and that prison officials are entitled to wide-ranging deference with regard to security measures, because such officials often must act quickly and decisively to ensure safety. Mem. [26] at 4.

In rebutting Plaintiff's allegations, Defendant points out that the summary judgment evidence, including video surveillance, establishes that Plaintiff was treated by the medical department for a laceration on his head immediately after the altercation, that he was able to walk unassisted immediately after the altercation, and that his records fail to indicate any additional injuries. *Id.* at 5-6; Ex. [25-2] at 3; Ex. [25-3] at 1; Ex. [25-4] at 1; Video (Medical South) at 17:16:29-17:24:32. Defendant further argues that Plaintiff's own actions, including his threats to "flood the booking cell," his threat to fight two other men in the booking cell, and his physical resistance towards Defendant, necessitated the level of force

3

used against him in order to regain compliance, and that Defendant's use of force "was applied in a good-faith effort to maintain or restore discipline, and not maliciously or sadistically to cause harm." Mem. [26] at 8-10 (citing *Waddleton v. Rodriguez*, 750 F. App'x. 248, 255 (5th Cir. 2018)); Video (Booking I3/Fingerprint Machine) at 17:12:13-17:12:25; Video (T1/Trans Hold A/Trans Hold B) at 17:13:10-17:14:35. Defendant concludes that Plaintiff cannot establish a constitutional violation for excessive force, and that even if he could, Defendant would be entitled to qualified immunity. Mem. [26] at 12. Plaintiff did not file a response to Defendant's Motion [25] for Summary Judgment.

On June 16, 2023, the Magistrate Judge entered a Report and Recommendations [33] recommending that the Motion [25] be granted and that this case be dismissed with prejudice. R. & R. [33] at 2. Regarding Plaintiff's excessive force claim, the Magistrate Judge determined that Plaintiff failed to establish a constitutional violation, that the evidence shows an objectively reasonable application of force in light of the circumstances, and that because of Plaintiff's failure to respond, Defendant is entitled to qualified immunity. *Id.* at 11-12. The Report and Recommendations [33] concludes that Plaintiff's denial of medical care claim fails because he did not allege personal involvement by Defendant in denying care, he sustained only minor injuries during the June 14, 2022, altercation, and the summary judgment evidence shows that he did in fact receive medical care immediately following the altercation. *Id.* at 12-14. Regarding Plaintiff's remaining claims challenging his conditions of confinement, the Report and Recommendations

[33] concludes that Plaintiff's allegations that he was without access to a shower, hot water, or air conditioning in his detention cell for certain periods of time fail to rise to the level of a constitutional violation, that Plaintiff has not established that Defendant was responsible for these conditions, and that these claims should be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *Id.* at 15-17; 28 U.S.C. § 1915(e)(2)(B)(ii) (directing that in proceedings in forma pauperis, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted.").

No party has objected to the Report and Recommendation [19], and the time for doing so has expired. *See* L.U. Civ. R. 72(a)(3).

## II. DISCUSSION

Where no party has objected to a Magistrate Judge's report and recommendations, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). When there are no objections, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review to the report and recommendation. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having conducted this required review, the Court concludes that the Report and Recommendations [33] is neither clearly erroneous nor contrary to law. The Court finds that the Magistrate Judge's Report and Recommendations [33] should be

5

adopted as the opinion of this Court, that Defendant's Motion [25] for Summary Judgment should be granted, and that Plaintiff's claims should be dismissed with prejudice.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, United States Magistrate Judge Bradley W. Rath's Report and Recommendations [33] entered on June 16, 2023, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant Van Arnold's Motion [25] for Summary Judgment, filed on March 22, 2023, is **GRANTED**, and that Plaintiff Kenneth Dale Teague, Jr.'s claims are **DISMISSED WITH PREJUDICE.** The Court will enter a separate final judgment pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 18th day of July, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE